Battle, J.
 

 It has been repeatedly said by this court that except in a few cases, such as to stay waste or to prevent irreparable injury, an injunction can be issued only as auxiliary to some primary equity.
 
 Stockton
 
 v.
 
 Briggs,
 
 5 Jon. Eq. 309;
 
 Schofield
 
 v.
 
 Van Bokkelen, ib.
 
 342;
 
 McRae
 
 v.
 
 Atlantic & N. C. R. R. Co., ib.
 
 395. In the present case the bill states indeed a primary equity, but does not seek to set it up, for the reason that another bill had been filed, and was
 
 *228
 
 still pending, for the purpose of effectuating that object. In that suit the plaintiff might have obtained an order for staying the action of ejectment at law until the hearing, so that there was no necessity whatever for the present proceeding. The defendant ought not to be harassed by two suits, when the plaintiff might have obtained all the relief to which she was entitled in one. It must be declared, therefore, that the present bill was improperly filed, and the injunction improvidently granted. See
 
 Rogers
 
 v.
 
 Holt, ante
 
 108.
 

 The interlocutory order overruling the motion to dissolve the injunction must be reversed with costs, and the cause remanded for further proceedings in the court below.
 

 Per Curiam.
 

 Order accordingly.